IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YIRISON RIVERA PEREZ, | : | Civil No. 3:25-cv-12 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN OF FCI-SCHUYLKILL, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Yirison Rivera Perez ("Perez") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Perez alleges that the Federal Bureau of Prisons ("BOP") failed to properly apply his First Step Act ("FSA") time credits. (*Id.*). For the reasons that follow, the Court will dismiss the habeas petition without prejudice based on Perez's failure to exhaust the available administrative remedies.

I. Background

Perez is serving an aggregate 60-month term of imprisonment imposed by the United States District Court for the Middle District of Pennsylvania for attempted distribution and possession with intent to distribute 500 grams and more of cocaine hydrochloride. (Doc. 7-4). His current projected release date is August 8, 2026, via First Step Act release and good conduct time release. (*Id.*).

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Perez filed a total of six administrative remedies. (Doc. 7-3). None of those

remedies concern the claims presented in the instant petition. (*Id.*). Three of the administrative remedies concern a request for a job change/incident report appeal, and three concern an appeal of an incident report. (*Id.*).

In his § 2241 petition, Perez alleges that he is entitled to the application of FSA time credits towards his sentence. (Doc. 1, at 3-6). Respondent filed a response, asserting that the Court should dismiss the petition because Perez did not exhaust his administrative remedies before proceeding to federal court and, alternatively, because the petition is without merit. (Doc. 7). The record clearly establishes that Perez failed to exhaust his administrative remedies; therefore, the Court does not reach Respondent's alternative arguments.

II.  **Discussion**

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the

opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). "For example, exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" *Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)).

In order to exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central

Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the uncontroverted record reflects that, although Perez filed six administrative remedies while in BOP custody, none of those remedies pertain to his request for FSA time credits. (*See* Doc. 7-3). It is clear that Perez bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court.

Perez admits that he did not exhaust administrative remedies with respect to his present claims. (Doc. 1, at 5-6). He maintains that he should be excused from pursuing administrative relief because it would be futile. (*Id.*). In particular, Perez argues that he should not have to exhaust his administrative remedies because his "conditional date has already passed."[1] (*Id.*). Typically, courts have not applied the futility exception based on a timeliness argument. *See, e.g., Greene v. Spaulding*, 2023 WL 3372375, at *2 (M.D. Pa. Apr. 26, 2023) (concluding that the Section 2241 petitioner had failed to show irreparable harm as a basis for excusing administrative exhaustion, where he argued that the denial of his claim at the administrative level would result in him being released later than the date he would be entitled to release if he were granted habeas relief—i.e., granted credits under the

---

[1] Respondent has submitted evidence that Perez's conditional release date/placement in a Residential Reentry Center ("RRC") date has not passed. (*See* Doc. 7-2, Declaration of BOP Case Manager Stephen Mroczka, ¶¶ 13-14; Doc. 7-4; Doc. 7-5). Perez has not received a final RRC placement decision and the BOP is currently conducting an individualized assessment for his RRC placement using the five factors of 18 U.S.C. § 3621(b). (Doc. 7-5).

4

First Step Act); *Velez v. Zickefoose*, 2010 WL 5186158 at *3-4 (D.N.J. Dec. 15, 2010) (the self-serving strategy of bypassing administrative remedies and arguing futility—because there is insufficient time for those remedies to run their course—has never been rewarded by the courts); *Malvestuto v. Martinez*, 2009 WL 2876883, *3 (M.D. Pa. Sept. 1, 2009) ("Exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates that he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark, which is simply a statutory maximum and not a mandate.").

Perez has not presented any evidence that he properly exhausted his administrative remedies. Nor has he alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would be futile or that requiring exhaustion would subject Perez to irreparable harm.

The Court finds that Perez's claim must first be presented to BOP officials and fully exhausted. Because Perez did not fully exhaust his administrative remedies before petitioning this Court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed.

## III. Conclusion

Based on the foregoing, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: February 13, 2025